# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7015 | **DATE** | October 27, 2010 |
| **CASE TITLE** | US ex rel. McClendon vs. Rednour | | |

**DOCKET ENTRY TEXT**

McClendon's motion (Doc [35]) for a certificate of appealability is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

## ORDER

This case comes before the court on the application of Petitioner Brian McClendon ("McClendon") for a certificate of appealability for the court's order of August 4, 2010, denying his petition for a writ of habeas corpus. For the following reasons, we deny McClendon's application.

Following a bench trial in Cook County Circuit Court, the trial judge convicted McClendon of the first-degree murder of his girlfriend Theresa Henry. The court sentenced McClendon to a life sentence. On November 18, 2009, McClendon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 4, 2010, we denied McClendon's request for habeas relief because the issues raised were not cognizable in habeas proceedings, or procedurally defaulted, or did not establish a violation of his rights under the United States Constitution. McClendon now brings this notice of appeal and asks that we grant a certificate of appealability.

McClendon's application for a certificate of appealability is governed by 28 U.S.C. § 2253, which provides him with a limited right of appeal from a district court's final order in any proceeding under § 2254. Section 2253(c)(1) requires that a petitioner obtain a certificate of appealability before appealing the district

judge's final order, and section (c)(2) permits issuance of a certificate only when the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). To make the required substantial showing, a petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Additionally, when a petitioner asks to appeal a denial predicated upon procedural grounds, he must also show that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

McClendon contends that we should grant a certificate of appealability to allow the Seventh Circuit to consider whether the requirements for establishing eligibility for habeas relief in 28 U.S.C. § 2254 apply to McClendon because he is black. A certificate of appealability may only issue to an applicant who makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). McClendon does not suggest that any of his constitutional rights were violated in applying the standards provided by section 2254. Accordingly, we deny his request for a certificate of appealability on this issue.

McClendon also argues that reasonable jurists could debate our conclusion that the errors of his postconviction counsel did not excuse the procedural default of five of his claims. Generally, the errors of postconviction counsel do not supply cause to excuse the procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Byers v. Basinger*, 610 F.3d 980, 987 (7th Cir. 2010). Despite the abundance of case law on this point, McClendon requests that we reach a contrary conclusion based on the Supreme Court's recent ruling in *Holland v. Florida*, 130 S.Ct. 2549 (2010). In *Holland*, the Supreme Court held that "egregious behavior" by a petitioner's postconviction counsel could "create an extraordinary circumstance that warrants equitable tolling" of the relevant statute of limitations for habeas actions. *Id*. at 2563. In rendering its decision in *Holland*, however, the Court explicitly affirmed its holding in *Coleman* that errors by a petitioner's postconviction counsel do not provide cause to excuse a procedural default. *Id*. Given the Court's expressed lack of interest in revisiting its

ruling in *Coleman*, we find that reasonable jurists could not debate our denial of McClendon's claims on procedural grounds. *See Slack*, 529 U.S. at 485. Therefore, we decline to issue a certificate of appealability as to McClendon's procedurally defaulted claims.

Finally, McClendon contends that we should grant his application for an appeal certificate on whether the State violated his constitutional rights in knowingly using perjured testimony to secure his conviction. McClendon did not present this argument in his original habeas petition. Only issues that were asserted in the original habeas petition may be the subject of an application for a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (petitioner must show reasonable jurists could debate whether issues in petition could have been resolved differently to receive certificate). Additionally, arguments raised for the first time on appeal are waived. *Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir. 2000). Accordingly, we deny McClendon's application for a certificate on this issue.

The application for a certificate of appealability is denied.

Dated:   October 27, 2010

**CHARLES P. KOCORAS**
**U.S. District Court Judge**